# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Brandon Martin, James Stewart Feistel,** § | | |
| **and Mike Hasler** § | | |
| **Plaintiffs** § | | |
| § | | |
| vs. § | **Civil Action No.** | |
| § | **6:12-cv-00219** | |
| § | | |
| **Patterson-UTI Drilling Company, LLC** § | | |
| **Defendant** § | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Brandon Martin, James Stewart Feistel, and Mike Hasler, herein collectively referred to as Plaintiffs, and file this original complaint, complaining of Patterson-UTI Drilling Company, LLC, hereinafter referred to as Defendant, and for cause of action would respectfully show the Court and jury the following:

### I. PARTIES

1. Plaintiff Brandon Martin, is an individual residing in Daingerfield, Morris County, Texas.

2. Plaintiff James Stewart Feistel, is an individual residing in Tyler, Smith County, Texas.

3. Plaintiff Mike Hasler, is an individual residing in Marshall, Harrison County, Texas.

4. Patterson-UTI Drilling Company, LLC, herein referred to as PATTERSON, and sometimes herein referred to as Corporate Defendant, is a domestic limited liability company, existing under the laws of Texas, whose office address is P.O. Box 1416, Snyder, Texas 79550.

W:\W_Sciba\Patterson Wage and Hour Claim\Drafts - Pleadings 03 - Eastern District - Martin et al\20140107 - Pltfs 1st Amd Original Complaint.doc

Page 1

Defendant may be served by serving the registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. No service is necessary at this time as Defendant has already answered herein.

## II. JURISDICTION and VENUE

5. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

6. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. NATURE OF THE ACTION

8. PATTERSON was an "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) during the Relevant Time Period.

9. PATTERSON was an "enterprise" as that term is defined in the FLSA, 29 U.S.C. § 203(r), during the Relevant Time Period.

10. PATTERSON was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in the FLSA, 29 U.S.C. § 203(s), during the Relevant Time Period.

11. Plaintiff Brandon Martin worked for Defendant from approximately July 2008 to January 2012 at Defendant's yard in Tyler, Texas.

12. Plaintiff James Stewart Feistel worked for Defendant from approximately August

2009 to November 2011 at Defendant's yard in Tyler, Texas.

13. Plaintiff Mike Hasler worked for Defendant from approximately June 26, 2010 to October 29, 2010 at Defendant's yard in Tyler, Texas.

14. During the time period, Plaintiffs' job responsibilities included, among others, welding as directed by Defendant at one of the Defendant's work location in or near Victoria, Tyler and/or Odessa, Texas.

15. Plaintiffs worked as welders at various times during the 3 years prior to the filing of this complaint to the current. In working for PATTERSON, Plaintiffs were engaged in commerce or the production of goods for commerce and/or they were employed by an enterprise engaged in commerce or the production of goods for commerce.

16. During the Relevant Time Period Plaintiffs were paid on an hourly basis and were not paid on a salary or fee basis. During the Relevant Time Period, Plaintiffs and other similarly situated employees were blue collar workers.

17. Plaintiffs' job duties were those of a non-exempt employee under the FLSA.

18. Plaintiffs regularly worked more than forty hours per week for PATTERSON.

19. Plaintiffs were not paid in accordance with the FLSA.

20. During the time period, Plaintiffs' work schedule was set out by Defendant.

21. Defendant did not pay Plaintiffs time and one-half for all of his hours worked over 40 in a week ("overtime").

22. Defendant misclassified Plaintiffs, treating them as independent contractors rather than employees. Plaintiffs were not paid one and one-half times their regular hourly rate for every hour they worked in excess of forty in a workweek. Plaintiffs were not paid for their overtime work.

23. During the time period, Plaintiffs signed in and out of his job using a Patterson UTI Employees sign-in sheet. Plaintiffs showed up to work at the same job location each day for an extended period of time to perform work.

24. Plaintiffs regularly worked more than 40 hours per week for Defendant as directed by the Defendant.

25. Plaintiffs employees worked more than 40 hours per week and were not paid time and one-half for their overtime hours.

26. One or more of the Plaintiffs complained to their respective supervisors about not being paid time and one half for over-time.

27. Plaintiffs often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiffs for their overtime compensation at one and one-half times their regular hourly rate, in violation of the FLSA.

28. Upon information and belief, throughout all relevant time periods and during the course of each Plaintiff's respective employment, and while Defendant employed Plaintiffs, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

29. It was Defendant's policy and/or practice to treat Welders as contract workers and not pay them one and one-half times their regular hourly rate for hours worked in excess of forty in the workweek.

30. Defendant owes Plaintiffs for unpaid wages for work they performed and for unpaid overtime under the FLSA for work they performed during this time period.

31. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), Plaintiffs allege that they are: (i) entitled to unpaid wages from Defendant for overtime work for

W:\W_Sciba\Patterson Wage and Hour Claim\Drafts - Pleadings 03 - Eastern District - Martin et al\20140107 - Pltfs 1st Amd Original Complaint.doc

Page 4

which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

### IV. FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

32. Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendant employed, and/or continues to employ Plaintiffs within the meaning of the FLSA

35. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

36. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

37. As a result of the Defendant's willful failure to compensate its employees, including Plaintiffs, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Due to the Defendant's FLSA violations, Plaintiffs are entitled to recover from

the Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for" unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

40. Defendant's violations of the FLSA were willful. Defendant knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendant to believe Plaintiffs or other putative plaintiffs were exempt under the FLSA or that Defendant's practices were permitted by the FLSA. Defendant did not act in good faith in failing to pay Plaintiffs or the other putative plaintiffs in accordance with the requirements of the FLSA.

41. Plaintiffs seek for themselves and the other putative plaintiffs, and are entitled to, a recovery of liquidated damages on their claims under the FLSA.

## V. ATTORNEYS' FEES

42. Defendant's refusal to abide by their statutory obligations to Plaintiffs has made it necessary for them to employ the undersigned attorney to file this lawsuit. As such, Plaintiffs request the Court to award a reasonable fee, pursuant to the FLSA, for their attorney's services rendered and to be rendered herein, at the trial court and the court of appeals, as well as expenses and court costs.

## VI. DECLARATORY JUDGMENT ACTION & INJUNCTION

43. Plaintiffs sue for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.,* the Declaratory Judgment Act ("DCA"), requesting the Court enter judgment declaring Plaintiffs were misclassified by Defendant as independent contractors and that they were in fact employees.

44. Plaintiffs seek a reasonable attorney fee pursuant to the DCA for the work of their

attorney through the trial of this matter and in the event of any subsequent appeal to the Court of Appeals for the Fifth Circuit or petition to the United States Supreme Court, including any briefing or argument on the merits of the case as well.

## VII. PRAYER

45. By reason of the above and foregoing, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of this court.

46. WHEREFORE, Plaintiffs respectfully requests that this court grant the following relief:

   a. judgment declaring that the acts and practices of Defendant described herein violate the FLSA, as amended;

   b. judgment declaring that the acts and practices of Defendant described herein constitute a willful violation of the FLSA, as amended;

   c. an injunction against the Corporate Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   d. an award of unpaid overtime compensation due under the FLSA;

   e. an award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

   f. Judgment directing Defendant to pay Plaintiffs, actual and liquidated damages for violations of the FLSA, as amended;

   g. an award of costs and expenses of this action together with reasonable attorneys' and expert fees as provided by law;

   h. an award of prejudgment and post-judgment interest; and

   i. such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.

                Respectfully Submitted,

                    */s/ William L. Sciba, III*

                WILLIAM L. SCIBA, III
                State Bar No. 00792824
                Federal ID No. 519044
                Attorney in Charge
                302 West Forrest
                Victoria, Texas 77901
                (361) 575-0551 Telephone
                (361) 575-0986 Facsimile
                wsciba@cce-vic.com
                ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:
COLE, COLE & EASLEY, P.C.

## CERTIFICATE OF SERVICE

      I certify that a copy of the above and foregoing was provided to all counsel of record, via automated Notice of Electronic Filing to Filing Users in accordance with the Federal Rules of Civil Procedure, on this 7th day of January, 2014.

                    */s/ William L. Sciba, III*

                    William L. Sciba, III